82,981-02,03,04

DEAR CLERK:

Sir, I would highly appreciate your kindness if you would please present this correspondence to the Honorable Court Judge.

Your appreciation is highly appreciated that you.

However, I am sorry about the handwritting but I have a injury hand and waiting to have surgery.

Thank you Kindly,

Sincerely,

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

Lowell Quincy Green AKA Lowell DeQuincy Green
Coffied Unit
2661 Fm 2054
Tennessee Colony, Tx. 75884

Re: Tr. Ct. No. 2012-790-C2        WR-82,981-03

To This HONORABLE COURT OF CRIMINAL APPEALS

Comes now, Applicant Lowell Quincy Green in the above mentioned cause number above. respectfully pray that this Honorable Court will please grant review of Applicant 11.07 Habeas Corpus which this Honorable Court denied without written order on the findings of the trial court without a hearing on 4-1-2015.

Applicant contends that the trial court finding's were vague and did not address allegations of applicant claims which is found the true would grant relief.

Applicant contention is a fit and proper subject for this court to review under post conviction habeas corpus jurisdiction.

Applicant contend that he forward to the 54th District Criminal court Honorable Judge matt Johnson [material facts] supporting applicant claims along with [exhibit's] to support [fact] if found true would entitle applicant to relief.

Applicant is unable to provide this Honorable court with additional copy's of the transcript and exhibit's. Applicant

①

pray this Honorable Court by its power obtain such documents from the 54th District Court Judge Honorable Matt Johnson, with all due respects.

Applicant pray this Honorable Court allow applicant to proceed and make refences to material fact, that if proven will entitle him relief. If so granted, applicant will proceed in chronologically order.

GROUND one: Applicant complain of Prosecutor misconduct whereas, applicant was arrested for the offense Aggravated Robbery with a deadly weapon, on march 24, 2012, however, there was no weapon recover at the scene of arrest.

On march 26, 2012 applicant girlfriend did in [fact] contact Robbery Division Detective Manual Chavez and turn over a $CO_2$ BB handgun. (RR Vol. 5, Page 42, Line 7-25), (RR Vol. 5, Page 43, Line 1-25), (RR Vol. 5, Page 44, Line 1-25), (RR Vol. 5, Page 45, Line 1-4); See (EXHIBIT's # 2,3,4,5).

Applicant filed a motion for Discovery Order on July 30, 2012 in good faith requesting the State to turn over any and all material evidence to the defense. However, the state turned over applicant girlfriend Kimberly Bitterman statement (EXHIBIT 3 ~~#~~). However, the State failed to [disclose] the [$CO_2$ BB handgun] in compliance with the Discovery Order. There is no motion granting the state [suppress] the [$CO_2$ BB handgun].

There is no [Suppression] hearing on record, in the 54th Criminal District Court with a [Ruling] from Hon. Matt Johnson.

May 13, 2013 Applicant proceed to trial by trier of fact [Jury]. Prosecution informs the jury that law enforce-

ment ~~did~~ did not recover a weapon but he knows it was a firearm. (RR Vol. 3, Page 114, Lines 10-25) (Page 115, Line 1-4, 11-24) see (Page 154, Line 5-25) (Page 155, Line 21-25) and (Page 156, Line 1-15), (Page 158, Line 10).

This was a deception of the jury. [FACT] law enforcement recovered a [CO2 BB handgun] a [BB gun] is not a deadly weapon, per se. Lee v. State, 51 S.W. 3d 365 (Tex. App.-Austin 2001) at [21] also Mr. Calvin S. Story Jr. Expert Forensic Firearm Examiner with the Austin Police Dept.

[FACT] Police report's are generally not exhibited to the defendant prior to the officer taking the stand, however, fact's reflect that the prosecutor actively or negligently suppressed or failed to disclose evidence which may be material to the defense is reversible error. See (Jenck Act); See (EXHIBIT'S # 2, 3, 4, 5) these police report are [FACTS] that a [CO2 BB HANDGUN] was recovered, however, that [CO2 BB HANDGUN] WAS NOT [DISCLOSE] that means the [CO2 BB HAND GUN] was [SUPPRESS].

THEREFORE, the 54th District Hon. Matt Johnson fact finding is in error. Applicant provided copies of [FACT] to the 54th Court.

The State alleged the [CO2 BB HAND GUN] in the Government [INDICTMENT] therefore, the [CO2 BB HANDGUN] WAS material.

Kyles v. Whitley, 514 U.S. 419, 433. Citing Banks v. Dretke, 540 U.S. 668, 675 "The Court observed that one can hardly be confident that [defendant] received a fair trial, given the jury's ignorance of the [withheld] information."

[FACT] Applicant was denied due process].

Applicant reallege and incorperate the FACT ABOVE].

③

GROUND TWO: Trial Counsel failed to conduct a formal discovery of the [undisclosed] material evidence. The prosecution tendered [Kimberly Bitterman] statement however, the statement was in [FACT] germane to the [CO 2 BB HANDGUN]. Trial Counsel failed to conduct a formal discovery was deficient performance. Kimmelman v. Morrison, 447 U.S. 369, "The Supreme Court concluded however, that attorney's failure to obtain discovery of the evidence could not be explained as a reasonable strategic decision, but reflects a " startling ignorance" of law, and placed his conduct outside of the prevailing professional norms. Strickland v. Washington, 446 U.S. 688(1984).

GROUND THREE: Trial Counsel failed to challenge bias venireperson (RR Vol. 2, Page 135, Line 10, 15-16). Trial Counsel failed to give venireperson the court instruction before Challenging for cause (RR Vol. 2, Page 132, Line 1-20) See Art. 35.16 Vernon's Ann. Tex. Cr. Proc. [B]. Prosecutor rep response (RR Vol. 2, Page 181, Line 20-25). The trial court fact finding is in error. It is a [FACT] found in the record.

GROUND FOUR: Trial Counsel failed to object to an unauthorized verdict and void Judgement. And the unauthorized sentence was "stacked" on top of a prior conviction (RR Vol. 5 Page 97, Line 16-25), (Page 98, Line 1-25).

Applicant will show [FACTS] that he was denied a fair trial

4.

and the verdict is Unauthorize. The trial court fact finding and conclusion is in error. Applicant pray that this HONORABLE COURT USE IT POWER TO ADMINISTER JUSTICE IN ACCORDANCE WITH THE LAW...

Analysis

[FACT] Court Charge: To the [JURY] (RR. Vol. 3, Page 137, Line 6-23) (Page 138, Line 1-25).

[FACT] State Argument: (RR Vol. 3, Page 159, Line 9-11) (Page 159, Line 12-19). "The prosecutor specifically expound on a firearm."

[FACT] Jury Verdict: (RR Vol. 3, Page 163, Line 5-21) The jury verdict do not express firearm or bb gun, however, it would be nonsencial to say "we the jury find the defendant guilty of Aggravated Robbery with a deadly weapon Firearm or BB handgun." The [Jury] made no finding on a deadly weapon.

[FACT] Court Charge: Second main Court Charge to the jury (RR Vol. 5, Page 67, Line 10-23) (Page 93, Line 7-24) "The jury, having found the Defendant, Lowell Quincy Green guilty of the offense of Aggravated Robbery, as alleged in the indictment, do further find beyond a reasonable doubt that the allegations with respect to prior convictions in the Enhancement Allegations and Habitual Allegation to be true." THE JURY DID NOT EXPRESS A FINDING ON A DEADLY WEAPON TO BE TRUE..."
This is true fact's found to be true.

[FACT] JUDGMENT OF THE JURY: finding on deadly weapon N/A, however, this means "NON-APPLICABLE."

The trial court did not address these allegations because these allegations are [FACTS] found in the [STATEMENT OF FACTS] support by [EXHIBIT'S] How the trial court come to the conclusion "DENIED" Habeas relief based on the trial court's facts findings.

Applicant [FACTS] are [TRUE] and should be entitled to [RELIEF]... VACATE JUDGMENT DISMISSED WITH PREJUDICE.

However, the State response was citing Maldonado, 688 S.W. 2d 114 (1985). I disagree, whereas, my case is distinguish. Applicant contend that this not trial charge error but in fact "judicial omission" based on reasoning and sound determination, whereas, the jury "omitting" the finding on the issue of deadly weapon. They was given a choice firearm or bb handgun, they specified "neither."

In maldonado, Applicant was indicted for the offense of Aggravated Robbery by use and exhibition of a deadly weapon, however, he was found guilty by the jury. Maldonado complianed of charge authorize a error improperly instructed for an offense other than aggravated robbery.

The Court of Criminal Appeals concluded that maldonado "utterly fails to allege facts, which, if true, entitle the applicant to collateral relief. However, the court dismissed without prejudice. This court gave maldonado the opport-unity to replead and support the allegation

(Please see other side)
6.

with adequate reasoning, argument and testimonial and recorded evidence which illustrates the error so infected the trial process as to deny him a fair and impartial trial.

Applicant contend that he has put more than the Court asked Maldonada to replead, whereas, applicant case at bar 2012-709-C2 has presented [STATEMENT OF FACTS] to the court which attached to 11.07 habeas corpus. Applicant attached [POLICE REPORTS], [WITNESS STATEMENT],

[TRIAL CHARGES TO THE JURY], [INDICTMENT] and [VERDICT].

NO AFFirmative finding expressed in the judgment, however, applicant was found guilty of aggravated robbery and sentence imposed at Life, imposition 42.12 § 3g, this in fact unconstitutional due process, whereas, applicant must serve 30 calendar year before becoming eligible for parole consideration, absent an affirmative finding enter in the judgment, this not legislative intent, Polk v. State. Applicant contend a nunc pro tunc can not correct "judicial omission" or "judicial error" this not a "clerical error" in nature. See Poe v. State, in Poe it allege [gun] Poe was found guilty, however, the judgment expressed N/A. A nunc pro tunc was proper because indictment alleged [gun]. Whereas, my Indictment allege [Firearm or BB handgun]. NUNC PRO TUNC can not be used to put what the court think should have happen in the proceedings.

REQUESTED RELIEF AS REQUEST IN HABEAS CORPUS IN REFERENCE TO CASE 2012-709-C2

Lowell Yue